# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL SATTARI,

    Plaintiff,

v.

WASHINGTON MUTUAL,

    Defendant.

Case No. 2:09-CV-00768-KJD-PAL

**ORDER**

    Presently before the Court are several letters (#28) which *pro se* Plaintiff has sent to the Court. Construing the *pro se* pleadings liberally as the Court must, the Court considers the letters as Motions for Stay Pending Appeal.

    The Ninth Circuit has treated the standard for determining whether a stay pending appeal should be granted as the same as a preliminary injunction. <u>Golden Gate Restaurant Ass'n v. City and County of San Francisco</u>, 512 F.3d 1112, 1115 (9th Cir. 2008). The Supreme Court recently clarified the standard for a preliminary injunction to require a plaintiff to show "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008) (citations omitted). <u>Winter</u> overturned a Ninth Circuit case where the injunction had been issued based solely on "a "possibility" of

irreparable harm." Id.  Prior to Winter, the Ninth Circuit had used a standard that considered the same elements listed in Winter on a continuum, such that a strong showing of likelihood to succeed on the merits could make up for a deficiency in showing the probability of irreparable harm. Golden Gate,512 F.3d 1115-1116 (citing Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir.1983)).

Accordingly, the Court must deny Plaintiff's request for a stay pending appeal, because he cannot demonstrate a likelihood of success on the merits.  His letters sometimes refer to the Court entering judgment in favor of Wells Fargo instead of Defendant Washington Mutual.  Plaintiff is incorrect.  The Court's orders and judgment only reference Washington Mutual.  Furthermore, Plaintiff cannot demonstrate that the balance of equities tips in his favor.  He has lived in his home without making payments for nearly two years, and collected rent on his rental property for at least a year without making payments to the lender on that home.  Equity does not favor Plaintiff in this action.  Even if the continuum has not been rejected, the Court would still deny the motion for the stated reasons.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for stay pending appeal are **DENIED**.

DATED this 28th day of October 2010.

_____
Kent J. Dawson
United States District Judge

2